**In re MUSHROOM TRANS-PORTATION COMPANY, INC., Debtor.**

**Jeoffrey L. Burtch, Trustee, et al., Appellants,**

**v.**

**Security Pacific Bank Oregon, Appellee.**

Bankruptcy No. 85–02575F.

Adversary No. 94–1004.

No. 98–5244.

United States District Court, E.D. Pennsylvania.

May 23, 2000.

### MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Now before the Court is the motion for reconsideration of defendant Security Pacific Bank Oregon ("Security Pacific") (Document No. 28). Security Pacific asks this Court to revisit its April 11, 2000 ruling on the appeal taken from the August 24, 1998 order of the bankruptcy court, which granted summary judgment in favor of Security Pacific.[1] For the reasons that follow, the motion of Security Pacific will be denied.

This case, the facts of which have been recounted in greater detail elsewhere, relates to the Mushroom bankruptcy estate's efforts to recover estate funds embezzled by the estate's former counsel. The focus of the analysis in the bankruptcy court's decision, and in this Court's ruling on appeal, was whether appellants Jeoffrey L. Burtch, trustee in the bankruptcy of Mushroom Transportation Company, Inc., Michael Arnold, Robbey Realty, Inc., Penn York Realty Company, Inc., and Trux Enterprises, Inc. (hereinafter collectively referred to as "appellants" or "plaintiffs"), brought this action against Security Pacific within the relevant statutes of limitations. The bankruptcy court held as a matter of law that the claims were brought outside the relevant limitations periods, that the discovery rule did not operate to toll the limitations periods, and that the claims were therefore procedurally barred.

Pursuant to 28 U.S.C. § 158(a), this Court exercised its appellate jurisdiction over the bankruptcy court and reviewed the bankruptcy court's conclusions of law *de novo.* In an analysis of the applicability of the discovery rule to the facts of this case, this Court concluded that the bankruptcy court erred in deciding, as a matter of law, that there was insufficient evidence to convince a reasonable trier of fact that it was unreasonable for the debtors in possession to entrust bankruptcy assets to the care of counsel and thus fail to immediately discover the theft of bankruptcy funds by counsel.

Security Pacific argues in its motion for reconsideration that this Court "completely overlooked" evidence that the trustee of the Mushroom estate, by his own admission, discovered the theft of funds from the bankruptcy estate outside of the two-year limitations periods for the conversion, turnover, and unauthorized transfer claims. Security Pacific further argues that the remaining constructive trust claim fails on the merits.

This Court's decision on appeal was limited to the legal ground on which the bankruptcy court rested its decision; that all of the trustee's claims against Security Pacific were time-barred as a matter of law because there was no evidence upon which a reasonable jury could conclude that the debtors in possession exercised reasonable diligence sufficient to toll the statute of limitations and avoid laches under the discovery rule. My analysis of the discovery rule and the relevant bankruptcy law revealed that there was a genuine issue of material fact as to whether reasonable diligence was exercised by the debt-

---

1. A federal district court has the inherent power to reconsider interlocutory orders "when it is 'consonant with justice to do so.'" *Walker by Walker v. Pearl S. Buck Foundation, Inc.,* 1996 WL 706714 at *2, No. 94–1503, 1996 U.S.Dist.LEXIS 17927, at *6 (E.D.Pa. Dec. 3, 1996) (quoting *United States v. Jerry,* 487 F.2d 600, 605 (3d Cir.1973)). "'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Confer v. Custom Eng'r Co. Employee Health Benefit Plan,* 760 F.Supp. 75, 77 (W.D.Pa.) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985)), *aff'd in part on other grounds and dismissed in part on other grounds,* 952 F.2d 41 (3d Cir.1991). Because of the interest in finality, however, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D.Pa.1992).

ors in possession, and I reversed the bankruptcy court on that narrow legal ground, which was the sole basis for the bankruptcy court's ruling on summary judgment.

 On reconsideration, Security Pacific points to no manifest error of law or fact in this Court's ruling on the bankruptcy appeal, nor does it present any newly discovered evidence, the only appropriate bases for a motion for reconsideration. *See Confer*, 760 F.Supp. at 77. Rather, Security Pacific asks this Court to broaden its legal holding and decide factual issues that have not yet been fully addressed by the bankruptcy court and were not the basis of the bankruptcy court order granting summary judgment: (1) whether the Mushroom trustee in fact discovered the theft outside the statute of limitations and (2) whether Security Pacific is entitled to judgment as a matter of law on the merits of the constructive trust claim.

This Court is required to limit its consideration of the issues on appeal to issues of law and not to delve into factual issues not yet considered by the bankruptcy court, as requested by Security Pacific. The learned bankruptcy judge has been involved the Mushroom bankruptcy for more than a decade now. He has a greater grasp of the facts, history and nuances of this case, and is therefore in a better position than this Court to decide factual issues such as those raised in the motion for reconsideration. Factual issues in a case as complex as this are best initially addressed by the court closest to the matter; in this case, the bankruptcy court.

The bankruptcy court retains its traditional role of addressing the remaining issues in the case, consistent with this Court's April 11, 2000 decision. Security Pacific is correct in pointing out that a determination could be made, consistent with this Court's April 11, 2000 decision, that the trustee failed to bring this suit within the relevant limitations periods. Likewise, the April 11, 2000 decision does not foreclose the assertion of arguments and evidence to the contrary, and may allow disposition of the claims asserted by the trustee on their merits. However, these are arguments to be made to the bankruptcy court on remand.

For the foregoing reasons and those set forth in this Court's April 11, 2000 order and memorandum, I reaffirm my decision to reverse the August 24, 1998 decision of the bankruptcy court and to remand the case to the bankruptcy court for further proceedings.

An appropriate Order denying the motion for reconsideration follows.

### ORDER

**AND NOW,** this 23rd day of May, 2000, upon consideration of the motion for reconsideration of appellee Security Pacific Bank Oregon ("Security Pacific") (Document No. 28), the response of plaintiffs-appellants Jeoffrey L. Burtch, Trustee, Michael Arnold, Robbey Realty, Inc., Penn York Realty Company, Inc., and Trux Enterprises, Inc., and for the reasons stated in the foregoing memorandum opinion, it is **HEREBY ORDERED** that motion of Security Pacific is **DENIED.**